**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2009
Decided April 1, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-1998

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 07-CR-52 |
| ANTONIO ARROYO, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Antonio Arroyo pleaded guilty to attempting to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and received the statutory minimum sentence of 120 months' imprisonment. Arroyo appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue. See *Anders v. California*, 386 U.S. 738 (1967). Arroyo opposes dismissal of his appeal. See CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's supporting brief and in Arroyo's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

We begin by considering whether Arroyo wishes to challenge his guilty plea. Counsel's submission suggests that Arroyo seeks to contest his plea, but Arroyo's own Rule 51(b) response definitively states otherwise. Having consulted both counsel's and Arroyo's

submissions, we conclude that Arroyo does not wish to challenge his guilty plea. Accordingly, we need not evaluate the adequacy of the plea colloquy. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

In his Rule 51(b) response, however, Arroyo contends that the district court violated Federal Rule of Criminal Procedure 11(c)(1) by participating in the plea negotiations. Rule 11(c)(1) categorically prohibits the court from participating in plea discussions between the government and the defendant's attorney. *United States v. Linder*, 530 F.3d 556, 562 (7th Cir. 2008); *United States v. Kraus*, 137 F.3d 447, 452 (7th Cir. 1998). But Arroyo's purpose in raising this contention eludes us; in his written submission Arroyo tells us that he does not want his guilty plea set aside, so he gains nothing by arguing about Rule 11(c)(1). See *United States v. O'Neill*, 437 F.3d 654, 664 (7th Cir. 2006). A more favorable sentence is not, as Arroyo apparently believes, the remedy for a violation of Rule 11. See *Kraus*, 137 F.3d at 458.

In any event, Arroyo is simply mistaken when he asserts that the district court participated in the negotiations. According to Arroyo, statements made by the district court at a hearing on his lawyer's motion to withdraw demonstrate that the district court participated in discussions leading to his plea agreement. At that hearing defense counsel informed the court that Arroyo was refusing to sign the plea agreement she had negotiated with the government and no longer wanted her to represent him. Arroyo disagreed with the factual basis for the plea and not with the terms of the plea agreement. There is no reason to believe that the court violated Rule 11(c)(1) at the motion to withdraw hearing, see *United States v. Reasor*, 418 F.3d 466, 479 (5th Cir. 2005), and anyhow, Arroyo later pleaded guilty *without* a plea agreement.

Both defense counsel and Arroyo also evaluate whether Arroyo could argue that his prison sentence is unreasonable. In the presentence investigation report, the probation officer calculated a total offense level of 25 and a criminal history category of II, which yielded a guidelines imprisonment range of 63 to 78 months. But the quantity of cocaine, two kilograms, and Arroyo's prior conviction for possession of marijuana triggered a minimum term of 120 months, 21 U.S.C. § 841(b)(1)(B)(ii), and that is the sentence the court imposed. Defense counsel perceives no worthwhile objection, but Arroyo contends that a mandatory sentence violates the Due Process Clause. The Supreme Court and this court, however, have consistently held that mandatory-minimum sentences are constitutional. See *Chapman v. United States*, 500 U.S. 453, 467-68 (1991); *United States v. Franklin*, 547 F.3d 726, 735 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.